UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Sarah Ann Thomas,
    Claimant

    v.                                      Case No. 22-cv-141-SM-AJ
                                            Opinion No. 2024 DNH 042

Martin O'Malley,
Commissioner of Social Security,
    Defendant

## O R D E R

After successfully securing an award of Social Security benefits for the claimant and claimant's daughter, counsel now seeks an award of attorney's fees pursuant to 42 U.S.C. § 406(b). The government has no objection to a finding by the court that counsel's request for fees is reasonable. For the reasons discussed, the Motion for Attorney's Fees is granted.

### Background

Approximately four and one-half years ago, Claimant, Sarah Ann Thomas, filed an application for Social Security disability benefits. That application was denied both initially and following a de novo hearing before an administrative law judge. Claimant decided to appeal that denial to this court and, as

part of that process, she signed an engagement letter with the Law Offices of Charles E. Binder and Harry J. Binder, LLP.  In it, claimant agreed that if this court remanded her case to the Social Security Administration and if, upon remand, she was granted benefits, she would pay her attorneys twenty-five percent (25%) of any award of past due benefits.

After entering that agreement with claimant, counsel appealed the denial of claimant's benefits application to this court.  Subsequently, the government agreed that a remand to the Social Security Administration for further consideration was appropriate.  On September 6, 2022, the court granted claimant's motion to remand and judgment was entered on the same day.  Based upon his successful appeal to this court (which resulted in the remand order), and pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, claimant's counsel sought and was awarded $9,231.17 in attorney's fees.  The government did not object.

Claimant's case was then presented to a new ALJ, who issued a decision fully favorable to her.  That, in turn, prompted claimant's counsel to file the pending motion for attorney's fees.  In it, he seeks a total of $23,710.00 in fees for work performed before this court - a sum that represents twenty-five

2

percent (25%) of the total past due benefits awarded to claimant (disability benefits) and claimant's daughter (monthly child's benefits). As is required, counsel has represented that he will remit to claimant the sum of $9,231.17, which represents the earlier fee award under the EAJA. See Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).

As noted above, the government has filed a response in which it notes that it has no objection to granting counsel's fee request. Claimant has not objected or otherwise responded to counsel's request.

**Discussion**

This court has discussed, in some detail, both its role in assessing the "reasonableness" of any fee award under 42 U.S.C. § 406(b), and the numerous factors that should be considered in making that assessment. See King v. Kijakazi, No. 20-CV-1139-SM, 2023 WL 1782032 (D.N.H. Feb. 6, 2023). That discussion need not be recounted. It is sufficient to note that the court's role is a limited one: its charge is solely to prevent an award of fees that would be unreasonable, unjust, or constitute an unwarranted windfall to claimant's counsel. As the court noted in King,

> [T]he starting point in the analysis is plain: a court must begin with a review of the parties' contingent-fee agreement and determine whether strict application of the agreement's terms would yield a "reasonable" fee or a "windfall."
>
> * * *
>
> [A] "reasonable" fee in circumstances such as these likely falls somewhere along a fairly long continuum; it is not a point.  Given that, it would seem that the court's responsibility is to begin with the amount sought by counsel under her contingent fee agreement and work downward, in an effort to discern the highest fee award that is sensible, justifiable, and proper under the circumstances – that is to say, "reasonable."  After all, Mr. King has agreed to pay Attorney Jackson the full $23,000 in fees requested.  And this court's role is simply to act as a check against <u>inappropriately</u> high fee awards, windfalls, and unjust results – that is, to "contain" the product of contingent fee agreements within some reasonable limits.

King, 2023 WL 1782032, at *3-4 (emphasis in original).  See generally Gisbrecht, 535 U.S. at 807-08 (2002).

In this case, none of the relevant factors counsels in favor of reducing the amount of fees sought (e.g., undue delay by counsel, de minimus effort required by counsel, an unwarranted windfall to counsel, an exorbitant "de facto" hourly rate of pay, etc.).  Indeed, the factors that are present weigh in favor of the requested award.

4

Counsel has significant experience in this realm.  He has represented that he and another lawyer at his firm spent 42.70 hours working on claimant's case before this court, yielding a "de facto" hourly rate of approximately $550 per hour.  Given the risks assumed by counsel, the positive results obtained, the significant experience he brought to bear in advocating on behalf of his client, the lack of any objection from claimant, and claimant's earlier agreement to a fee award of twenty-five percent of past due benefits, the court concludes that the total fee award sought is reasonable.

## Conclusion

For the foregoing reasons, as well as those set forth in counsel's Memorandum of Law (document no. 20-2) and his Affirmation in Support of Motion for Attorney's Fees (document no. 20-4), the Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (**document no. 20**) is granted.

Attorney's fees are awarded in the amount of $23,710.00, which represents twenty-five percent (25%) of the past due benefits awarded to claimant and her eligible child.  Such fees shall be paid to claimant's primary counsel, Charles E. Binder, of the Law Offices of Charles E. Binder and Harry J. Binder.  Upon receipt of that sum, counsel for claimant shall remit the

5

previously awarded Equal Access to Justice Act fees of $9,231.17 directly to claimant.

    **SO ORDERED.**

                                                      _____
                                                      Steven J. McAuliffe
                                                      United States District Judge

May 28, 2024

cc: Counsel of Record